*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2013-402

JUNE TERM, 2014

| | | |
|---|---|---|
| Jeffrey-Michael Brandt | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Washington Unit, |
| v. | } | Civil Division |
| | } | |
| | } | |
| Andrew Pallito, Greg Hale, Glenn Puridy and Brian Reed | } | DOCKET NO. 525-8-11 Wncv |

Trial Judge: Helen M. Toor

In the above-entitled cause, the Clerk will enter:

Plaintiff, an inmate committed to the custody of the Commissioner of Corrections, appeals from a superior court order denying his motion for relief from judgment. We affirm.

The record discloses the following. In August 2011, plaintiff filed in the superior court a pro se motion for injunctive relief, asserting that prison officials had required him to remove a tongue ring and eyebrow bar, in violation of his right to practice his religion, which he described as the "Church of Body Modification."[*] The State moved to dismiss, and plaintiff filed an opposition. In April 2012, the court denied the motion, finding that, taking all of the allegations as true, dismissal was premature.

In June 2012, the State moved for summary judgment, supported in part by a Department of Corrections official's affidavit describing the Department's policy against the wearing of body piercings and the reasons for the policy, based principally on inmate health and safety. On August 17, 2012, defendant filed a letter with the court stating that he had been transferred to an out-of-state prison facility and therefore had "not been able to respond to the [State's] motion [for] summary judgment" or the State's supporting affidavit. The letter was accompanied by a separate pleading from plaintiff contesting the policy arguments set forth in the State's supporting affidavit.

On August 22, 2012, the court issued a written decision granting the State's motion for summary judgment. A final judgment order in favor of the State was entered the following day. Plaintiff did not appeal from the judgment.

Almost one year later, on August 12, 2013, plaintiff filed a motion for relief from judgment and supporting affidavit, pursuant to V.R.C.P. 60(b)(6). Plaintiff alleged that he had not been served with the motion for summary judgment; that, "[a]fter receiving [the] court's

---

[*] The court appointed counsel to represent plaintiff, but counsel subsequently withdrew and plaintiff undertook to represent himself.

decision granting the [State's] motion for summary judgment [he] filed a motion for relief from judgment under Rule 60;" and that "[a]fter waiting a reasonable amount of time" without receiving a response to the motion, he filed the instant motion. The trial court denied the motion in a brief entry order, stating that it established no basis for reopening the judgment. This appeal followed.

Plaintiff's brief is addressed solely to the merits of the summary judgment ruling, claiming that the trial court applied an erroneous standard in determining whether the Department's policy against body piercings placed an unconstitutional burden on plaintiff's right to the free exercise of religion. The instant appeal is from the denial of plaintiff's motion for relief from judgment, however, and plaintiff has not briefed or argued the propriety of the court's finding that there was no basis for reopening the judgment under V.R.C.P. 60(b). We generally do not address issues that are not briefed on appeal, In re Dunnett, 172 Vt. 196, 203 n.* (2001), and therefore may affirm on that basis.

We also note, however, that the trial court's discretionary decision on whether to grant relief from judgment will not be disturbed on appeal "unless it clearly and affirmatively appears on the record that such discretion was withheld or abused." Adamson v. Dodge, 174 Vt. 311, 326 (2002) (quotation omitted). The record here discloses no basis for such a conclusion. As noted above, despite plaintiff's claim that he did not receive a copy of the State's summary judgment motion, he referenced the motion in a letter to the court and filed a simultaneous pleading challenging the State's policy reasons for prohibiting body piercings. In addition, plaintiff concedes that he received the trial court's decision granting the State's motion for summary judgment, yet he offers no reason or excuse for failing to file a timely appeal from the judgment. As we have "repeatedly observed . . . Rule 60(b) is not a substitute for appeal," and the "important interest in finality of judgments" demands that they be reopened only in "extraordinary circumstances." Miller v. Miller, 2008 VT 86, ¶ 27, 184 Vt. 464 (quotations omitted). No such circumstances are apparent on this record. Accordingly, we discern no basis to disturb the judgment.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Marilyn S. Skoglund, Associate Justice

_____
Geoffrey W. Crawford, Associate Justice

2